UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-08736-WLH-AS | Date | August 28, 2026 |
| Title | ***Lofton et al. v. Ng et al.*** | | |

| | |
|---|---|
| Present: The Honorable | WESLEY L. HSU, United States District Judge |

| | |
|---|---|
| Claudia Garcia-Marquez | None |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None | None |

**Proceedings: (IN CHAMBERS) ORDER RE DISMISSAL FOR FAILURE TO SHOW CAUSE RE PROOF OF SERVICE ON DEFENDANT CFS [108]**

On December 1, 2022, Plaintiff Kevin Lofton ("Plaintiff"), proceeding *pro se*, filed his Complaint against Defendants Laura Bonner, Anna Brewer, Corporate Financial Services and Does 1 through 25. (Compl., Dkt. No. 1). On January 2, 2025, the United States declined to intervene in the action. (Notice of Election by U.S. to Decline Intervention, Dkt. No. 49). Plaintiff filed a First Amended Complaint on February 9, 2025. (FAC, Dkt. No. 11). Plaintiff then filed a Second Amended Complaint on July 22, 2025, which the Court rejected because it was a second attempt to represent the interests of the United States while acting pro per. (*See* SAC, Dkt. No. 61; Order Re SAC, Dkt. No. 65). Plaintiff filed a Third Amended Complaint on October 21, 2025 (Third Amended Compl., Dkt. No. 74), to which Defendants Charles Robinson, Christine Ng, Anna Brewer, and Laura Bonner responded by filing a Motion to Dismiss (Mot. to Dismiss, Dkt. No. 75) that the Court granted (Order Re MTD, Dkt. No. 82). Thereafter, on December 30, 2025, Plaintiff filed his Fourth Amended Complaint against Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Laura Bonner, Corporate Financial Services and Does (Fourth Amended Compl., Dkt. No. 86), and in response, Defendant Laura Bonner moved to dismiss (Mot. to Dismiss Fourth Amended Compl., Dkt. No. 89), which the Court granted (Order re MTD Fourth Amended Compl., Dkt. No. 98). The Court later denied Plaintiff's multiple Motions for Leave to Amend the Complaint for a fifth time. (Order Denying Leave to Amend Compl., Dkt. No. 104; Order Denying Leave to Amend Compl., Dkt. No. 106).

On July 1, 2026, Plaintiff filed a Proof of Service, attempting to show service of the Summons and Complaint on Defendant Corporate Financial Services. (Proof of Service, Dkt. 107). On July 10, 2026, the Court heard oral argument regarding the Proof of Service as to Defendant Corporate Financial Services and found that Plaintiff's proof of service was insufficient and invalid. (*See* OSC Re Proof of Service on Defendant CFS, Dkt. No. 108). The Court granted thirty (30) days to file proof of proper service on Defendant Corporate Financial Services or face dismissal. (*Id*.). On August 9, 2026, Plaintiff emailed the Court stating that he had satisfied the Court's order to file a valid Proof of Service, presumably meaning that his previous attempt at service was sufficient because he filed no further proof of service after July 1, 2026, and requesting the Court enter judgment.

The Court finds that Plaintiff failed to comply with the Court's Order to Show Cause Re Proof of Service on Defendant CFS by not filing a valid Proof of Service within 30 days of the Court's Order, and therefore, the Court **DISMISSES** the case. The Clerk is **INSTRUCTED** to administratively close the case and vacate all pending deadlines.

**IT IS SO ORDERED.**